# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDELKADER MORCELI,<br><br>         Plaintiff,<br><br>    v.<br><br>W. MEYERS, et al.,<br><br>         Defendants.<br>_____/ | CASE NO. 1:11-cv–00685-AWI-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>(ECF No. 8.)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Abdelkader Morceli is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on April 29, 2011, and on September 9, 2011, Plaintiff filed a motion for a preliminary injunction. (ECF No. 8.) On April 10, 2012, an order issued requiring Plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on the claims found to be cognizable. (ECF No. 10.) On May 14, 2012, Plaintiff filed a motion for an extension of time and a notice of change of address. (ECF No. 11.) On May 15, 2012, an order issued granting Plaintiff a thirty day extension of time in which to file his amended complaint. (ECF No. 12.)

Plaintiff seeks a preliminary injunction requiring authorities at Pleasant Valley State Prison to allow Muslim inmates to wear Kufi headgear anywhere within the facility. Plaintiff, who is a non-lawyer, may not represent anyone but himself in court. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Accordingly, Plaintiff may not seek relief for all Muslim inmates housed at Pleasant Valley State

1

Prison. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (It is well established that a pro se litigant cannot represent other parties or entities. "[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursing claims on behalf of others in a representative capacity"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (Rule that a layperson cannot ordinarily represent the interests of a class becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se).

The Prison Litigation Reform Act places limitations on injunctive relief.  Section 3626(a)(1)(A) provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Additionally, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).  Since Plaintiff is no longer incarcerated at Pleasant Valley State Prison, the injunctive relief he is seeking is moot and his request for injunctive relief should be denied.

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's request for preliminary injunction be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

///

///

///

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 4, 2012**            /s/ **Barbara A. McAuliffe**
                                   UNITED STATES MAGISTRATE JUDGE