IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDELKADER MORCELI, | 1:11-cv-685 AWI BAM (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| W. MEYERS, et al., | (ECF No. 19) |
| Defendants. | |
| _____/ | |

On August 10, 2012, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

-1-

1    In the present case, the court does not find the required exceptional circumstances
2 exist to entitle plaintiff to appointment of counsel.  Even if it is assumed that plaintiff is not well
3 versed in the law and that he has made serious allegations which, if proved, would entitle him to
4 relief, his case is not exceptional.  This court is faced with similar cases almost daily.  Further, at
5 this early stage in the proceedings, the court cannot make a determination that plaintiff is likely
6 to succeed on the merits of his claim.  Finally, based on a review of the record in this case,
7 although Plaintiff alleges that he does not speak, write, understand, or comprehend English, the
8 court does not find that plaintiff cannot adequately articulate his claims.  Id.  Plaintiff has filed a
9 complaint that states a claim and the assistance he is receiving in prison seems adequate to allow
10 him to proceed at this stage of the ligation.

    For the foregoing reasons, plaintiff's motion for the appointment of counsel is
HEREBY DENIED, without prejudice.

    IT IS SO ORDERED.

Dated:   **August 14, 2012**                           /s/ **Barbara A. McAuliffe**
                                                                        UNITED STATES MAGISTRATE JUDGE