# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDELKADER MORCELI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W. MEYERS, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv–00685-AWI-BAM PC<br><br>ORDER STRIKING FIRST AMENDED COMPLAINT AND REQUIRING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT **OR** NOTIFY THE COURT THAT HE WISHES PROCEED ON THE COMPLAINT<br><br>(ECF No. 20)<br><br>THIRTY DAY DEADLINE |

　　Plaintiff Abdelkader Morceli is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On April 10, 2012, an order issued requiring Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed on the claims found to be cognizable in the complaint filed April 29, 2011. (ECF No. 10.)  On August 10, 2012, after receiving several extensions of time to file a first amended complaint, Plaintiff filed a document entitled first amended complaint.  (ECF No. 20.)  The document is not an amended complaint, but states that he wishes to proceed on the complaint because he was unable to identify any other defendants. Additionally, Plaintiff wants to file a supplemental complaint if he identifies any other defendants.  Because the document is misidentified as a first amended complaint, it shall be stricken from the record.

　　"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence , or event that happened after the date

1

of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  The purpose of the supplemental complaint is to add claims that accrued after suit was filed.  In this instance, Plaintiff wants to file an amended complaint, not a supplemental complaint.

The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." McMillan v. Department of Interior, 907 F.Supp. 322, 328 D.Nev. 1995), *aff'd*, 87 F.3d 1320 (9th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997).  *See also* Fifty Associates v. Prudential Ins. Co., 446 F.2d 1187, 1191 (9th Cir. 1970).  "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons.  Ibid.  "While Doe pleading is disfavored, it is not prohibited in federal practice." Lopes v. Vieira, 543 F.Supp.2d 1149, 1152 (E.D.Ca.. 2008).

In this instance, if Plaintiff wishes to amend his complaint and does not know the identity of the defendant, he should identify the defendant as a Doe.  If Plaintiff's allegations are sufficient to state a cognizable claim against that defendant, he can amend the complaint pursuant to the scheduling order to identify the specific individual to be served.

At this juncture, Plaintiff may not state that he wishes to amend his complaint and proceed on the original complaint.  Plaintiff is advised that he is to either file an amended complaint OR notify the court that he is willing to proceed on the cognizable claims.  If Plaintiff needs additional time to file an amended complaint he needs to file a motion for an extension of time.  Since it is unclear from Plaintiff's response that he wishes to proceed on the claims found cognizable, the Court shall grant Plaintiff an additional opportunity to comply with the order.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is stricken from the record; and
2. Within thirty days from the date of service of this order, Plaintiff shall either file an

///

///

///

1  amended complaint **or** notify the Court that he does not wish to amend his complaint
2  but is willing to proceed on the claims found to be cognizable in the complaint filed
3  April 29, 2011.

5  IT IS SO ORDERED.

6  **Dated:   August 19, 2012**              /s/ **Barbara A. McAuliffe**
                                            UNITED STATES MAGISTRATE JUDGE