1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

9   ABDELKADER MORCELI,                          CASE NO. 1:11-cv–00685-AWI-BAM PC

10                  Plaintiff,

                                                ORDER STRIKING FIRST AMENDED
11        v.                                    COMPLAINT AND REQUIRING PLAINTIFF
                                                TO EITHER FILE AN AMENDED
12   W. MEYERS, et al.,                         COMPLAINT **OR** NOTIFY THE COURT
                                                THAT HE WISHES PROCEED ON THE
13                  Defendants.                 COMPLAINT

14                                              (ECF No. 20)

15                                              THIRTY DAY DEADLINE

16   _____/

17        Plaintiff Abdelkader Morceli is a state prisoner proceeding pro se and in forma pauperis in

18   this civil rights action pursuant to 42 U.S.C. § 1983.  On April 10, 2012, an order issued requiring

19   Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed on the

20   claims found to be cognizable in the complaint filed April 29, 2011.  (ECF No. 10.)  On August 10,

21   2012, after receiving several extensions of time to file a first amended complaint, Plaintiff filed a

22   document entitled first amended complaint.  (ECF No. 20.)  The document is not an amended

23   complaint, but states that he wishes to proceed on the complaint because he was unable to identify

24   any other defendants.  Additionally, Plaintiff wants to file a supplemental complaint if he identifies

25   any other defendants.  Because the document is misidentified as a first amended complaint, it shall

26   be stricken from the record.

27        "On motion and reasonable notice, the court may, on just terms, permit a party to serve a

28   supplemental pleading setting out any transaction, occurrence , or event that happened after the date

1

1  of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  The purpose of the supplemental

2  complaint is to add claims that accrued after suit was filed.  In this instance, Plaintiff wants to file

3  an amended complaint, not a supplemental complaint.

4       The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious

5  defendants." McMillan v. Department of Interior, 907 F.Supp. 322, 328 D.Nev. 1995), *aff'd*, 87 F.3d

6  1320 (9th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997). *See also* Fifty Associates v. Prudential Ins.

7  Co., 446 F.2d 1187, 1191 (9th Cir. 1970).  "As a general rule, the use of 'John Doe' to identify a

8  defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  Nonetheless,

9  a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery,

10 unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for

11 other reasons. Ibid. "While Doe pleading is disfavored, it is not prohibited in federal practice."

12 Lopes v. Vieira, 543 F.Supp.2d 1149, 1152 (E.D.Ca.. 2008).

13      In this instance, if Plaintiff wishes to amend his complaint and does not know the identity

14 of the defendant, he should identify the defendant as a Doe.  If Plaintiff's allegations are sufficient

15 to state a cognizable claim against that defendant, he can amend the complaint pursuant to the

16 scheduling order to identify the specific individual to be served.

17      At this juncture, Plaintiff may not state that he wishes to amend his complaint and proceed

18 on the original complaint.  Plaintiff is advised that he is to either file an amended complaint OR

19 notify the court that he is willing to proceed on the cognizable claims.  If Plaintiff needs additional

20 time to file an amended complaint he needs to file a motion for an extension of time.  Since it is

21 unclear from Plaintiff's response that he wishes to proceed on the claims found cognizable, the Court

22 shall grant Plaintiff an additional opportunity to comply with the order.

23      Accordingly, it is HEREBY ORDERED that:

24      1.      Plaintiff's first amended complaint is stricken from the record; and

25      2.      Within thirty days from the date of service of this order, Plaintiff shall either file an

26 ///

27 ///

28 ///

1     amended complaint **or** notify the Court that he does not wish to amend his complaint

2     but is willing to proceed on the claims found to be cognizable in the complaint filed

3     April 29, 2011.

4

5     IT IS SO ORDERED.

6     **Dated:    August 19, 2012**              **/s/ Barbara A. McAuliffe**
                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28