UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDELKADER MORCELI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W. MEYERS, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-00685-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AS MOOT<br>(ECF No. 37.)<br><br>ORDER GRANTING STIPULATION TO RESCHEDULE PLAINTIFF'S DEPOSITION WITH AN INTERPRETER |

　　　Plaintiff Abdelkader Morceli ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 29, 2011.  This action is proceeding on Plaintiff's complaint against Defendant Meyers for violation of the Free Exercise Clause of the First Amendment and Equal Protection in violation of the Fourteenth Amendment.  (ECF No. 25.)  The Court issued a scheduling order on December 17, 2012, and the deadline to complete discovery was August 17, 2013.  (ECF No. 30.)

　　　On July 26, 2013, Defendant Meyer filed a motion seeking leave to depose Plaintiff, who is incarcerated at San Quentin Prison, by video conference on August 15, 2013.  (ECF No. 34.)  The Court granted the request on July 30, 2013.  (ECF No. 35.)

　　　On August 16, 2013, Plaintiff filed the instant motion for a protective order and to continue his deposition.  Plaintiff explains that his native language is Arabic, he speaks very little English, and

1

taking his deposition without an interpreter would expend unnecessary time and resources. Plaintiff therefore requests that the Court either (1) continue his deposition and appoint an interpreter for him; or (2) order Defendant to conduct the deposition by written questions. (ECF No. 37.)

On August 29, 2013, Defendant Meyers filed an opposition to the motion. Defendant explains that Plaintiff informed defense counsel at the time of the scheduled deposition that he required an Arabic interpreter and that he had sent a motion for protective order to the Court. Defense counsel asked Plaintiff if he would agree to reschedule the deposition with an Arabic interpreter present, and Plaintiff agreed that was acceptable. (ECF No. 38, Declaration of Jon S. Allin ¶ 2; ECF No. 38-1, Ex. A, p. 6:6-12.) Defense counsel later received the instant motion for protective order. Defendant now argues that as "the parties have stipulated that the deposition may be rescheduled with an Arabic interpreter, and as Defendant will bear the expense, Plaintiff's motion is moot and should therefore be denied." (ECF No. 38, p. 2.) Defendant also requests that the Court allow the deposition to be taken after the discovery deadline and approve the parties' stipulation that the deposition may be rescheduled with an Arabic interpreter.

Based on the agreement of the parties to reschedule the deposition with an Arabic interpreter, and Defendant's willingness to bear the expense of such interpreter, Plaintiff's motion for protective order is now moot and is DENIED. Good cause having been shown, the discovery deadline is extended for the purpose of completing Plaintiff's deposition, and the parties' stipulation that Plaintiff's deposition may be rescheduled with an interpreter is GRANTED. The deposition shall be completed within 45 days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **August 29, 2013**              /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE