UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDELKADER MORCELI,<br><br>   Plaintiff,<br><br>   v.<br><br>W. MEYERS, et al.,<br><br>   Defendants. | Case No.: 1:11-cv-00685-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ORDER TO DEFENDANT MEYERS TO FURNISH COPY OF THE TRANSCRIPT OF SEPTEMBER 23, 2013 DEPOSITION OF PLAINTIFF<br>(ECF No. 45)<br><br>ORDER DENYING REQUEST FOR ENLARGEMENT OF TIME<br><br>THIRTY-DAY DEADLINE |

**I.     Introduction**

Plaintiff Abdelkader Morceli ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 29, 2011.  This action proceeds on Plaintiff's complaint against Defendant Meyers for violation of the Free Exercise Clause of the First Amendment and Equal Protection in violation of the Fourteenth Amendment.  (ECF No. 25.)  On November 4, 2013, Defendant Meyers filed a motion for summary judgment.  (ECF No. 44.)

On November 18, 2013, Plaintiff filed the instant motion requesting that the Court order Defendant Meyers to provide Plaintiff with a certified copy of the transcript from Plaintiff's deposition pursuant to Federal Rule of Civil Procedure 56(d).  Plaintiff also requests a thirty-day extension of

1

time following service of the deposition transcript to file his opposition to Defendant Meyers' motion for summary judgment. (ECF No. 45.) On November 20, 2013, Defendant Meyers filed a response to Plaintiff's Rule 56(d) motion. (ECF No. 47.) The time for reply has expired and the motion is deemed submitted. Local Rule 230(l).

## II. Discussion

Plaintiff indicates that Defendant Meyers attached portions of Plaintiff's deposition transcript to the motion for summary judgment. Plaintiff complains that he "has had no prior opportunity to possess or examine the Deposition transcript." Plaintiff argues that it is imperative that he be permitted to possess and review a complete copy of the deposition in order to effectively meet his burden in summary judgment. Plaintiff believes that due process and justice warrant an order requiring Defendant Meyers to provide Plaintiff with a complete, certified copy of the deposition transcript.

Plaintiff's complaint that he had no opportunity to possess or review a copy of the deposition transcript lacks merit. Pursuant to the Federal Rules of Civil Procedure, Plaintiff had the right to review the transcript upon request. Fed. R. Civ. P. 30(e)(1) ("On request by the deponent . . . before the deposition is completed, the deponent must be allowed 30 days after being notified by the [court reporter] that the transcript … is available in which: (A) to review the transcript. . . .). Plaintiff also had the right to obtain a certified copy of the transcript from the court reporter. Fed. R. Civ. P. 30(f)(3) ("When paid reasonable charges, the [court reporter] must furnish a copy of the transcript . . . to any party or the deponent."). There is no indication in Plaintiff's moving papers that he requested review of his deposition transcript or that he attempted to obtain a copy of the deposition transcript from the court reporter, upon paying reasonable charges, in the nearly two months following his deposition on September 23, 2013. Accordingly, Plaintiff's request for an order directing Defendant Meyers to provide him with a copy of the deposition is unwarranted.

Insofar as Plaintiff contends that he cannot oppose summary judgment in the absence of his deposition transcript, this contention lacks merit. Pursuant to Federal Rule of Civil Procedure 56,

Plaintiff may support his opposition with citation to, among other things, his own affidavit or declaration, interrogatory answers, or documents.[1]  Fed. R. Civ. P. 56(c)(1).

As the Court does not find it appropriate to order Defendant Meyers to produce the deposition transcript, it is not necessary to reach Plaintiff's corresponding request for an extension of time from the date of service of the transcript in order to file his opposition.  However, Plaintiff will be granted thirty (30) days from the date of service of this order to file any opposition to Defendant's motion for summary judgment.

### III.     Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for an order to Defendant Meyers to furnish Plaintiff a copy of the transcript of the September 23, 2013 deposition is DENIED; and
2. Plaintiff's opposition to Defendant's motion for summary judgment shall be filed and served within thirty (30) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   **December 3, 2013**              /s/ Barbara A. McAuliffe            
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] As Plaintiff can oppose the summary judgment through affidavit, declaration or other means, the Court declines Defendant's invitation to grant summary judgment based on Plaintiff's statements in his motion requesting a copy of the deposition transcript.

3