UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDELKADER MORCELI,<br><br>    Plaintiff,<br><br>    v.<br><br>W. MEYERS, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-00685-AWI-BAM PC<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR LEAVE OF COURT TO FILE A BELATED OBJECTION TO MAGISTRATE JUDGE'S DECEMBER 3, 2013 ORDER  (ECF No. 50)<br><br>ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S DECEMBER 3, 2013 ORDER DENYING PLAINTIFF'S REQUEST FOR ORDER TO DEFENDANT MEYERS TO FURNISH COPY OF THE TRANSCRIPT OF SEPTEMBER 23, 2013 DEPOSITION OF PLAINTIFF AND ORDER DENYING REQUEST FOR ENLARGEMENT OF TIME (ECF No. 51) |

**I.     Background**

Plaintiff Abdelkader Morceli ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 29, 2011. This action proceeds on Plaintiff's complaint against Defendant Meyers for violation of the Free Exercise Clause of the First Amendment and Equal Protection in violation of the Fourteenth Amendment. (ECF No. 25.)  On November 4, 2013, Defendant Meyers filed a motion for summary judgment. (ECF No. 44.)

On November 18, 2013, Plaintiff filed a motion requesting that the Court order Defendant Meyers to provide Plaintiff with a certified copy of the transcript from Plaintiff's deposition pursuant

to Federal Rule of Civil Procedure 56(d). Plaintiff also requested a thirty-day extension of time following service of the deposition transcript to file his opposition to Defendant Meyers' motion for summary judgment. (ECF No. 45.) On November 20, 2013, Defendant Meyers filed a response to Plaintiff's Rule 56(d) motion. (ECF No. 47.)

On December 5, 2013, the Magistrate Judge found that the time for a reply had expired and deemed the motion submitted. Local Rule 230(l). The Magistrate Judge denied Plaintiff's request for an order requiring Defendant Meyers to provide Plaintiff with a complete, certified copy of Plaintiff's deposition transcript. The Magistrate Judge also denied Plaintiff's related request for an extension of time from the date of service of the transcript for Plaintiff to file an opposition to Defendant's motion for summary judgment. Instead, the Magistrate Judge granted Plaintiff thirty (30) days from the date of service of the order to file any opposition to Defendant's motion for summary judgment. (ECF No. 48.)

On December 6, 2013, Plaintiff filed a reply to his motion for a copy of the deposition transcript. The reply was dated November 27, 2013, and served by mail on November 29, 2013. (ECF No. 49.)

On January 2, 2014, Plaintiff filed a motion requesting leave of court to file a belated objection to the Magistrate Judge's order of December 5, 2013. (ECF No. 50.) On January 2, 2014, Plaintiff also filed objections to the Magistrate Judge's order of December 5, 2013. (ECF No. 51.)

The Court finds a response unnecessary. Local Rule 303(d).

**II.     Discussion**

**A.  Request to File Belated Objections**

Plaintiff, who states he has minimal ability to speak and comprehend English, explains that due to a lockdown beginning on December 11, 2013, the inmate assisting him was unable to access the law library and conduct the necessary legal research to prepare objections to the Magistrate Judge's order. (ECF No. 50.) Good cause appearing, Plaintiff's request to file objections to the Magistrate Judge's order shall be granted. No further action shall be necessary as the Clerk of the Court has filed Plaintiff's objections concurrent with the instant request.

///

**B. Objections/Reconsideration**

The Court construes Plaintiff's objections to the Magistrate Judge's order as a request for reconsideration. A party may seek reconsideration by the District Court of the rulings of the Magistrate Judge. Local Rule 303(c). The Magistrate Judge's decision on non-dispositive pretrial issues is reviewed under the clearly erroneous standard. Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991); see also Local Rule 303(f); Fed. R. Civ. P. 72(a) ("The district judge in the case must . . . set aside any part of the order that is clearly erroneous or is contrary to law.").

As noted, Plaintiff seeks reconsideration of the Magistrate Judge's order, issued on December 5, 2013, which denied his request for an order directing Defendant Meyers to provide him with a copy of his deposition transcript and an extension of time following receipt of the transcript to file an opposition to Defendant Meyers' motion for summary judgment.

Plaintiff first claims error because the Magistrate Judge found that the time for Plaintiff to file a reply to the motion had expired and deemed the motion submitted. (ECF No. 48, p. 2; Local Rule 230(l).) Plaintiff asserts that his reply, served by mail on November 29, 2013, was timely filed pursuant to the mailbox rule. Pursuant to the mailbox rule, a pro se prisoner's pleading is deemed filed at the time he delivers it to prison authorities for forwarding to the court clerk. Douglas v. Noelle, 567 F.3d 1103, 1106-07 (9th Cir. 2009).

Although Plaintiff's reply was timely filed pursuant to the prison mailbox rule, the Magistrate Judge did not err by finding that a reply had not been filed on the Court's docket as of December 5, 2013, or by issuing a ruling at that time. Pursuant to Local Rule 230(l), a reply is due not more than seven (7) days after the opposition has been electronically filed. Defendant Meyers filed an opposition on November 20, 2013. With the addition of three (3) days for mailing, Plaintiff's reply was due on or before December 2, 2013. Local Rule 230(l); Fed. R. Civ. P. 6(d). Thus, finding no reply on the docket and signing an order on December 3, 2013, was not error. The Magistrate Judge could not have considered a reply that had not been received for filing until December 6, 2013, and had not been entered on the Court's docket until December 9, 2013. (ECF No. 49.)

Accordingly, Plaintiff's claim of error appears to be that the Magistrate Judge failed to vacate the December 5, 2013 order and consider Plaintiff's December 6, 2013 reply. Although the Magistrate

3

Judge did not vacate the December 5, 2013 order to expressly consider Plaintiff's reply, the Court has reviewed the reply and finds nothing in that reply to warrant reversal of the Magistrate Judge's non-dispositive order.

In the reply, Plaintiff asserted that he should be excused from his failure to request review of the transcript before the deposition was completed pursuant to Fed. R. Civ. P. 30(e)(1). The Court does not find a basis to excuse Plaintiff's failure to request a review. First, Plaintiff has not set forth any basis to suggest that he made errors in his deposition testimony that required correction. Second, Plaintiff appears to believe that the request for review would have allowed him to both review and retain a copy of the deposition transcript free of charge. This is not the case. Rule 30(e)(1) contemplates only a review of the transcript in order to make any changes in form or substance within thirty days and then returning the transcript and any changes to the court reporter. It does not allow for the retention of a copy of the transcript free of charge.

In his reply, Plaintiff disagrees with Defendant's argument that Plaintiff does not require a copy of the deposition transcript because he may overcome summary judgment by submitting an affidavit or declaration. Plaintiff's disagreement mirrors his current objection that the Magistrate Judge mistakenly believed Plaintiff could overcome Defendant's summary judgment by affidavit or declaration. Plaintiff's disagreement and objection lack merit.

Although Plaintiff admits that he can file an affidavit or declaration in support of the evidence, he asserts that he cannot submit an affidavit or declaration in relation to his deposition without violating the "sham affidavit" rule. Plaintiff's expressed concerns regarding a "sham affidavit" are unclear and unsupported. Plaintiff has been served with copies of those portions of the deposition transcript relied upon by Defendant Meyers to support summary judgment. (ECF No. 44-4.) Plaintiff may review the cited portions and submit a declaration to clarify, explain or otherwise address his deposition testimony in opposition to the motion for summary judgment. Fed. R. Civ. P. 56(c)(1)(A), (2). Further, Plaintiff may rely on admissions, interrogatory answers, documents or other materials to oppose summary judgment. Fed. R. Civ. P. 56(c)(1)(A).

To the extent that Plaintiff intends to raise issues concerning the taking of the deposition itself or other perceived irregularities in the deposition process, the time for doing so has long since passed. Plaintiff's deposition was completed in September 2013.

### III. Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for leave of court to file a belated objection to the Magistrate Judge's December 5, 2013 order is GRANTED. No further action is required on this request because Plaintiff's objections were filed on January 2, 2014;

2. Plaintiff's motion for reconsideration by the district court of the Magistrate Judge's December 3, 2013 order denying Plaintiff's request for order to Defendant Meyers to furnish a copy of the transcript of September 23, 2013 deposition of Plaintiff is DENIED; and

3. Plaintiff's opposition to Defendant's motion for summary judgment shall be filed and served within thirty (30) days from the date of service of this order.

IT IS SO ORDERED.

Dated: March 18, 2014

SENIOR DISTRICT JUDGE