UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDELKADER MORCELI,<br><br>        Plaintiff,<br><br>    v.<br><br>W. MEYERS, et al.,<br><br>        Defendants. | Case No.: 1:11-cv-00685-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 44, 66) |

      Plaintiff Abdelkader Morceli ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint against Defendant Myers (erroneously sued as Meyers) for violation of the Free Exercise Clause of the First Amendment and Equal Protection in violation of the Fourteenth Amendment.

      On October 1, 2014, the Magistrate Judge issued Findings and Recommendations that Defendant's motion for summary judgment, filed on November 4, 2013, be granted. (ECF No. 66.) Plaintiff filed objections on November 3, 2014. (ECF No. 67.) Defendant Myers filed a response to the objections on November 5, 2014. (ECF No. 68.)

      In his objections, Plaintiff contends that the Magistrate Judge applied an erroneous standard of review by failing to believe any of his evidence and failing to draw all justifiable/reasonable inferences in his favor. Specifically, Plaintiff argues that the Magistrate Judge erroneously focused on a purported lack of evidence demonstrating the following: (1) Defendant Myers ever prevented

1

Plaintiff from wearing his kufi in the dining hall; (2) Defendant Myers did not have any supervisory role over the staff in Plaintiff's housing facility or dining hall and did not direct any staff to prohibit kufis from being worn in the dining hall on or before July 26, 2010; and (3) Defendant Myers was not responsible for policies regarding religious headwear.

       The Court has considered Plaintiff's objections, but finds that there is no evidence supporting a reasonable inference that Defendant Myers was delegated sole authority over all religious matters by the Warden, that she was responsible for creation of the policy at issue, that she supervised Plaintiff's housing facility or that she either enforced or cause anyone to enforce the relevant policy against him. (ECF No. 66, pp. 4-5, 7-8 [DUF 2, 3, 4, 11, 112]).  Further the evidence Plaintiff presented suggests that prisoners had to apply to their religious leaders for exceptions to the general policy; Defendant Myers does not appear to be involved in that process. (ECF No. 61, Ex. B).

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

       Accordingly, IT IS HEREBY ORDERED that:

1.    The Findings and Recommendations issued on October 1, 2014, are adopted in full;
2.    Defendant's motion for summary judgment, filed on November 4, 2013, is GRANTED; and
3.    The Clerk of the Court shall enter judgment for Defendant Myers and close this file.

IT IS SO ORDERED.

Dated:   January 16, 2015                      _____
                                                   SENIOR DISTRICT JUDGE